GARBOSE et al. v. GEORGE A. GILES CO. et al.

No. 4489.

United States Court of Appeals First Circuit.

July 12, 1950.

George S. Ryan, Boston, Mass. (William Garbose, Athol, Mass., on the brief), for appellants.

Gilbert W. Cox, Boston, Mass. (George M. Yaghjian, Boston, Mass., on the brief),

McGraw & Co., 2 Cir., 165 F.2d 585, 587.

for George A. Giles Company and Trimount Theatres, Inc.

Arthur E. Whittemore, Boston, Mass. (John R. Hally and Nutter, McClennen & Fish, all of Boston, Mass., on the brief), for M & P Theatres Corporation et al.

Before MAGRUDER, Chief Judge, and WOODBURY and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Plaintiffs brought this action for treble damages under the Anti-Trust Act. 15 U.S.C.A. §§ 1–7. The complaint charged a conspiracy by several defendants, some of whom are distributors, and some exhibitors, of motion pictures. After plaintiffs had filed an amended complaint with similar charges, the district judge ordered them to file separate statements particularizing as to two of the defendants, the exhibitors, George A. Giles Company and Trimount Theatres, Inc. Plaintiffs did so. These two separate statements contained a substantial part of the allegations in the amended complaint. But the separate statements relating to Giles and Trimount respectively prayed for damages as to Giles only and Trimount only.

The first count of the separate statement as to Giles alleged a conspiracy between it and the other defendants with respect to a so-called national (or territorial) release date. The second count alleged a similar conspiracy as to block-booking, so-called blind selling or blind buying, and minimum admission prices. The third count contained combined allegations of conspiracy as to national release date, block-booking and minimum admission prices. The fourth count alleged a national release date conspiracy, specifically relating to plaintiffs' theaters in Athol, Mass. The fifth count was substantially the same as the fourth but related solely to the defendant exhibitors. The separate statement as to defendant Trimount was in all respects the same as that as to Giles except for appropriate changes of the name in the title and the prayer.

Several of the defendants made motions for summary judgments. The district judge denied most of these motions but granted summary judgments (denominated by him as "final" judgments) as to the defendants Giles and Trimount, with respect to Count 1 of each of the separate statements relating to them.[1] From those judgments, plaintiffs appeal.[2]

1. Disregarding for the moment the separate statements, the summary judgment orders, since at most they dismissed some of several defendants, all of whom were charged in the amended complaint as conspirators, would clearly have been interlocutory and not appealable before the promulgation of Federal Rules of Civil Procedure, rule 54(b), 28 U.S.C.A.[3] That Rule, as originally promulgated,[3a] resulted

---

1. In accordance with the judge's orders, the Clerk made an entry as to each of these two defendants, reading, "Judgment for the defendant upon Count 1 of plaintiffs' separate statement as to said defendant." The docket entries show that the judge directed "final judgments" to be entered.

2. They also appeal from certain orders which are so patently interlocutory and non-appealable that they require no discussion. Indeed, plaintiffs do no more than to contend that those orders are appealable if the summary judgments are.

3. Hohorst v. Hamburg-American Packet Co., 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443.

There were and are exceptions to the Hohorst doctrine, see, e. g., Dickinson v. Petroleum Conversion Co., 338 U.S. 507,

70 S.Ct. 322, but the instant case does not come within any of those exceptions.

3a. That Rule read:

"When more than one claim for relief is presented in an action, the court at any stage, upon a determination of the issues material to a particular claim and all counterclaims arising out of the transaction or occurrence which is the subject matter of the claim, may enter a judgment disposing of such claim. The judgment shall terminate the action with respect to the claim so disposed of and the action shall proceed as to the remaining claims. In case a separate judgment is so entered, the court by order may stay its enforcement until the entering of a subsequent judgment or judgments and may prescribe such conditions as are necessary to secure the benefit thereof

in no change in this doctrine.[4]

2. Assuming, without deciding, that the separate statements constituted separate suits, one as to Giles and one as to Trimount, wholly apart from the suit against the other defendants, nevertheless the summary judgments, under Rule 54(b) before its recent amendment, would clearly not have been final and appealable. For Count 1 of each separate statement is not sufficiently distinct from some of the counts [5] which still remain to be disposed of.[6]

3. By recent amendment, Rule 54(b) was changed to read as follows: *"Judgment Upon Multiple Claims.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims,* and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." [7] Here, although the district judge directed the entry of "final judgments," he did not, in addition, make any "express determination that there is no just reason for delay." Consequently, even if we assume that the amended Rule

substantially altered the previous rulings, the summary judgments here are not appealable.[8]

Appeals dismissed for want of appellate jurisdiction.

---

to the party in whose favor the judgment is entered."

4. See, e. g., Atwater v. North American Coal Corporation, 2 Cir., 111 F.2d 125; Hunteman v. New Orleans Public Service, Inc., 5 Cir., 119 F.2d 465; United States ex rel. Weinstein v. Bressler, 2 Cir., 160 F.2d 403, 405; Porter v. American Distilling Co., 2 Cir., 157 F.2d 1012; Clark, Experience Under the Amendments to the Federal Rules of Civil Procedure, in the volume, Federal Rules of Civil Procedure and New Title 28 U.S.Code, 1950 Rev.Ed. (West Pub. Co. 1950) 1, 8.

5. See, e. g., how the third count overlaps the first.

6. See, e. g., Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478; Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 106 F.2d 83; cf. Zalkind v. Scheinman, 2 Cir., 139 F.2d 895.

7. Emphasis added.

8. Clark, Experience Under the Amendments to the Federal Rules of Civil Procedure, in the volume, Federal Rules of Civil Procedure and New Title 28 U.S.Code, 1950 Rev.Ed. (West Pub. Co. 1950) 1, 8, 20–21; cf. Kaufman & Ruderman v. Cohn & Rosenberger, 2 Cir., 177 F.2d 849, 850.