**BOWLING MACHINES, INC., Plaintiff, Appellant,**

v.

**FIRST NATIONAL BANK OF BOSTON et al., Defendants, Appellees.**

**No. 5637.**

United States Court of Appeals
First Circuit.
Sept. 26, 1960.

---

James M. Malloy, Ralph Warren Sullivan, Morton Myerson, Leo V. Concannon, and Malloy, Sullivan & Myerson, Boston, Mass., on brief for appellant.

Joseph Ford, Thomas W. Wiley, and Bingham, Dana & Gould, Boston, Mass., on brief for First National Bank of Boston, appellee.

Robert W. Meserve, John R. Hally, and Nutter, McLennen & Fish, Boston, Mass., on brief for William F. Smith, appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

We have before us motions to dismiss an appeal from a judgment dismissing "all claims" against two of five defendants, hereinafter termed appellees, named in a complaint alleging violation of sections 1 and 2 of the Sherman Act, and section 2(a) of the Clayton Act, 15 U.S. C.A. §§ 1, 2, 13(a).[1] Trial was commenced against all five defendants. At the conclusion of appellant's case on liability, the court directed a verdict in favor of appellees, and, upon request, granted a mistrial as to the other defendants. In its order of dismissal it determined, in the language of Federal Rule of Civil Procedure 54(b), 28 U.S.C., that there was no just reason for delay, and directed entry of "final judgment" forthwith.[2] This rule, as amended in 1948, provided as follows.

"(b) *Judgment Upon Multiple Claims.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

We have no jurisdiction in the premises unless the judgment of dismissal was in fact final.[3] 28 U.S.C. § 1291. This is so because Rule 54(b), while giving the district court some control over the adjudicatory unit which comes here on appeal, obviously does not empower that court to extend our jurisdiction beyond what has been granted to us by Congress. Sears, Roebuck & Co. v. Mackey, 1956, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297. The concept of the rule is that if, within its ambit, the court expresses a determination of finality as to a particular matter less than the entire case, the judgment is final as to that matter, but if it does not do so the matter remains open to revision, and hence the judgment as it is is not final. Since the validity of the rule as an exercise of enabling legislation is now well established, Sears,

---

1. Appellees were not included in the paragraphs relating to the Clayton Act, and this part of the complaint will not be further considered.

2. Alternatively, the court certified the propriety of a permissive appeal under 28 U.S.C. § 1292(b), in case "these directions be regarded as not authorized by Rule 54(b)." However, we declined to accept that appeal.

3. The matter of a sought-for injunction will be separately considered, *infra.*

Roebuck & Co. v. Mackey, supra,[4] the question we must answer is whether the rule empowered the court to make this particular matter final. For the court may make such an order only if it is disposing of an entire "claim," or, more precisely, a "claim for relief."[5]

■ In Bendix Aviation Corp. v. Glass, 3 Cir., 1952, 195 F.2d 267, 38 A.L. R.2d 356, the court, *en banc*, considered Rule 54(b) at length. A majority of the judges upheld the finality of a judgment not disposing of the entire case. Thereafter, in Boston Medical Supply Co. v. Lea & Febiger, 1 Cir., 1952, 195 F.2d 853, on facts very similar to the case at bar, this court citing the Bendix case, but without discussing the difference between the possibly single claim against multiple parties then before it and the clearly multiple claims between single parties involved in Bendix, held that the dismissal of some of the joint defendants, charged as co-conspirators in a single Sherman Act count, was within the rule. All other circuits since considering this question have noted a distinction between parties and claims and have held the other way. We accordingly accept appellees' invitation to reconsider our decision.

Some courts seem to feel that the rule's reference to "claims" and its failure to mention "parties" has conclusive significance. See, e. g., Steiner v. 20th Century-Fox Film Corp., 9 Cir., 1955, 220 F.2d 105, 107. We believe this solution too facile. For one thing, standing alone the word claims has some considerable measure of ambiguity. Secondly, it seems clear that at least if the parties' liability is not joint, multiple claims will result, a distinction, from the standpoint of appealability, that long antedates the Rule.[6]

■ No study that we have been able to make into the contemplation of the framers leaves us with any firm conviction as to their intention on this particular issue. In general, Rule 54(b) was originally adopted to ameliorate the harshness which would have resulted from the operation of the single-judicial-unit rule in the context of the increasingly complex litigation brought about by the Rules' liberal joinder provisions—joinder of parties and claims. See Sears, Roebuck & Co. v. Mackey, supra, 351 U.S. at page 432, 76 S.Ct. at page 898; Lopinsky v. Hertz Drive-Ur-Self Systems, 2 Cir., 1951, 194 F.2d 422, 424, 425 (concurring opinion). Prior to the adoption of the Rules it was established that an order terminating an action as to less than all of a number of "joint" parties

4. We realize, of course, that any expansion of the scope of Rule 54(b) might bring new challenges of invalidity on the theory that the rule was attempting to give appellate jurisdiction beyond the Congressional grant. Compare Flegenheimer v. General Mills, Inc., 2 Cir., 1951, 191 F.2d 237, with Lopinsky v. Hertz Drive-Ur-Self Systems, 2 Cir., 1951, 194 F.2d 422, 424 (concurring opinion). This question is not before us, but we note in passing that the rule has changed the concept of finality in other ways without foundering. See Cold Metal Process Co. v. United Engineering & Foundry Co., 1956, 351 U.S. 445, 76 S. Ct. 904, 100 L.Ed. 1311. Compare Collins v. Miller, 1920, 252 U.S. 364, 40 S. Ct. 347, 64 L.Ed. 616, and Sheppy v. Stevens, 2 Cir., 1912, 200 F. 946, with Reeves v. Beardall, 1942, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478, and Collins v. Metro-Goldwyn Pictures Corp., 2 Cir., 1939, 106 F.2d 83. See generally, 6

Moore Federal Practice Par. 54.29 (2d ed. 1953).

5. There may be a further question of whether the court's determination that the matter is appropriate for immediate appeal is an abuse of discretion. Cold Metal Process Co. v. United Engineering & Foundry Co., 351 U.S. at pages 452–453, 76 S.Ct. at pages 908–909, supra, note 4; Panichella v. Pennsylvania R. Co., 3 Cir., 1958, 252 F.2d 452, certiorari denied 361 U.S. 932, 80 S.Ct. 370, 4 L.Ed. 2d 353, a question we do not reach.

6. This is not to say that all aspects of this question were clearly settled. Compare Hill v. Chicago & E. R. Co., 1891, 140 U.S. 52, 11 S.Ct. 690, 35 L.Ed. 331 and Zarati S.S. Co. v. Park Bridge Corp., 2 Cir., 1946, 154 F.2d 377, with Studer v. Moore, 2 Cir., 1946, 153 F.2d 902. See generally, 6 Moore, op. cit. supra note 4 at 179–82, 245–48; Note, 47 Colum.L.Rev. 239, 249 (1947).

was not a final decision for purposes of appeal, Hohorst v. Hamburg-American Packet Co., 1893, 148 U.S. 262, 13 S.Ct. 590, 37 L.Ed. 443, but that an appeal would lie when an order terminated an action as to less than all of several parties having a "distinct" or "separable" interest, Hill v. Chicago & E. R. Co., supra; United States v. River Rouge Improvement Co., 1926, 269 U.S. 411, 46 S.Ct. 144, 70 L.Ed. 339. As originally drawn, Rule 54(b) was interpreted to leave the previous law on multiparty litigation unaltered. Garbose v. George A. Giles Co., 1 Cir., 1950, 183 F.2d 513; Western Contracting Corp. v. National Surety Corp., 4 Cir., 1947, 163 F.2d 456; Hunteman v. New Orleans Public Service, Inc., 5 Cir., 1941, 119 F.2d 465, certiorari denied 314 U.S. 647, 62 S.Ct. 89, 86 L.Ed. 519. And there is nothing apparent in the language or the circumstances of passing the amended version which would suggest an intention to change this. See Republic of China v. American Express Co., 2 Cir., 1951, 190 F.2d 334. The amendment was for a quite different purpose. See Sears, Roebuck & Co., supra, 351 U.S. at pages 434–437, 76 S.Ct. at pages 899–901; Bendix, supra, 195 F.2d at page 269. Consequently, there is nothing in the history to convince us that Boston Medical was either necessarily right or necessarily wrong. As an original proposition there is much to recommend the result reached in that case. But in view of the now unanimous weight of authority contra, we feel that it should be overruled.[7] Where there is no very clear answer to a close procedural question such as this one, perhaps uniformity is, in the long run, the best path to follow. The rulemakers will be free to amend, or not, as they see fit.

Without the benefit of Rule 54(b), we lack jurisdiction. The order of dismissal lacks finality as the defendants here charged as co-conspirators, along with the defendants on the remaining matters, are "joint" in the narrowest sense of the word. Garbose v. George A. Giles Co., supra.

 Appellant points out that the prayers of the complaint include a request for an injunction, and that the dismissal of the complaint as against appellees necessarily included an order "denying an injunction" appealable by virtue of 28 U.S.C. § 1292(a) (1). We so held in George P. Converse & Co. v. Polaroid Corp., 1 Cir., 1957, 242 F.2d 116, although the circumstances in that case were considerably different. The purpose of § 1292(a) (1) is to allow interlocutory appeals, not to permit making final a decision that would not otherwise have been such. Since, as we have now concluded, the order dismissing these defendants was not final, the denial of the injunction was not final, either. Hence, while appellant has an appeal under § 1292(a) (1), it is from a denial of an interlocutory injunction only. The denial of such an injunction presents a pure question of discretion. As to this, the record contains no suggestion of any abuse. We will treat appellees' motions to dismiss for lack of jurisdiction as, alternatively, motions to dismiss or affirm for want of a substantial question, and as such they will be granted.

Judgment will be entered (1) dismissing the appeal for lack of jurisdiction insofar as the judgment of the District Court dismissed the action as to all claims against appellees, and (2) affirming the judgment of the District Court insofar as it denied relief against appellees by way of temporary injunction.

---

7. Goldlawr, Inc. v. Heiman, 2 Cir., 1959, 273 F.2d 729, recently overruled those cases in the Second Circuit which had supported Boston Medical.