BENNIE WILMURTH AND MARY ANN WILMURTH, APPELLANTS, v. THE STATE OF NEVADA, AND DR. JULES MAGNETTE, ACTING SUPERINTENDENT, RESPONDENTS.

No. 4705
December 13, 1963                                    387 P.2d 251

---

Bradley & Drendel, of Reno, for Appellants.

Harvey Dickerson, Attorney General, and Gabe Hoffenberg, Chief Deputy Attorney General, for Respondents.

## OPINION

*Per Curiam:*

On December 4, 1963 respondent, the State of Nevada, filed its motion herein to dismiss the appeal of appellants from an order dismissing the State of Nevada as a party defendant made and entered on the 10th day of June, 1963. Several grounds are stated in the motion for dismissal of the appeal. Only one need be considered.

Respondent State of Nevada maintains that an order dismissing one of several defendants is not an appealable order as it is not a final judgment. NRCP 72(b) specifies determinations from which an appeal may be taken, one of which is that an appeal may be taken from a final judgment in an action or proceeding commenced in the court in which the judgment is rendered. It is the contention of appellant that the order dismissing the State of Nevada as a party defendant is a final judgment within the meaning of this rule. This contention must be rejected.

NRCP 54(b) provides in part that when more than one claim for relief is presented in an action, the court may direct the entry of a final judgment upon one or more but less than all of the claims "only upon an

express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

The lower court in directing entry of judgment in favor of this movant on June 10, 1963 did not make "an express determination that there is no just reason for delay," as provided by NRCP 54(b). Therefore, the order of dismissal entered on June 10, 1963 was not final. Tobin Packing Co. v. North American Car Corp., 2 Cir., 188 F.2d 158; Garbose v. George A. Giles Co., 1 Cir., 183 F.2d 513.

The motion to dismiss the appeal is granted without prejudice to the right of the appellants to present any grievance to this court after a final judgment on the merits in the court below.