HELEN DONOGHUE, APPELLANT, v. ALBERT W. ROSEPILER AND BETTY I. ROSEPILER; AND WAYNE DIES, DBA DIES REALTY, RESPONDENTS.

No. 5244

May 25, 1967                    427 P.2d 956

*Calvin C. Magleby,* of Las Vegas, for Appellant.

*Jones, Wiener & Jones* and *Herbert L. Waldman,* of Las Vegas, for Respondents Rosepiler; *Dickerson & Miles,* of Las Vegas, for Respondent Wayne Dies.

**OPINION**

By the Court, COLLINS, J.:

This appeal arises from a real estate transaction. Appellant Donoghue (defendant and third-party plaintiff below) owned certain real property in Clark County, Nevada. She gave an exclusive listing to Wayne Dies, doing business as Dies Realty (third-party defendant and counterclaimant below) to sell the property on specified terms and conditions. Dies advertised the property for sale and obtained an offer from respondents Rosepiler (plaintiffs below), which was accepted by appellant. Immediately subsequent to the execution of the offer and acceptance agreement by Donoghue, and apparently while still in the hands of Dies, she demanded return of the document because it differed in some respects from the terms of the listing. Dies refused her demand and delivered the document to Rosepilers who, when Donoghue refused to carry out the agreement, brought this action for specific performance, or in the alternative for damages. Donoghue admitted she signed the agreement, but contended her signature was obtained by trickery and ruse and that Dies had ceased to be her agent and had become the agent of Rosepilers.

The trial court, pursuant to NRCP 56, granted summary judgment to Rosepilers and against Donoghue for specific performance of the contract for sale of the land. This appeal ensued. The third-party complaint of Donoghue against Dies, and his counterclaim against her remain to be tried. Thus the action is one involving multiple parties and is governed by NRCP 54(b). The trial court did not make an express determination that there was no just reason for delay in granting summary judgment for Rosepilers and against Donoghue, hence the judgment is not final or appealable.

We held in Wilmurth v. State, 79 Nev. 490, at 492, 387 P.2d 251 (1963), on an appeal from an order dismissing the State of Nevada as a party, "The lower court in directing entry of judgment in favor of this movant on June 10, 1963 did not make an express determination that there is no just reason for delay, as provided by NRCP 54(b). Therefore, the order of dismissal entered on June 10, 1963 was not final. Tobin Packing Co. v. North American Car Corp., 2 Cir., 188 F.2d 158; Garbose v. George A. Giles Co., 1 Cir., 183 F.2d 513." The same rule applies here. Accord, Aldabe v. Evans, 83 Nev. 135, 425 P.2d 598 (1967).

Accordingly, this appeal is dismissed without prejudice to the right of appellant to present any grievance to this court she may have after final determination of the third-party complaint and counterclaim in civil action No. A 33910 in the court below.

THOMPSON, C. J., and ZENOFF, J., concur.