CAPON HILL, Appellant, *v*. THE STATE OF NEVADA, on Relation of Its DEPARTMENT OF HIGHWAYS, Respondent.

No. 6092

January 23, 1970                    464 P.2d 468

*Charles L. Kellar,* of Las Vegas, for Appellant.

*Harvey Dickerson,* Attorney General, and *Melvin L. Beauchamp,* Deputy Attorney General, for Respondent.

## OPINION

*Per Curiam:*

Appellant, who was plaintiff below, brought suit against Respondent to have set aside as null and void a quitclaim deed executed by him conveying to Respondent certain real property in Las Vegas. Thereafter, Respondent filed its Answer and Counterclaim and brought a Third Party action against certain other parties. All of said pleadings were filed in the same suit below, being that originally brought by Appellant.

After trial without a jury, the court below found against Appellant on the claim against Respondent, and entered its judgment dismissing said complaint. No decision was reached or ruling made on the Counterclaim or Third Party Complaint of Respondent.

Appellant has filed this appeal from the judgment of the trial court dismissing the complaint. Respondent moved to dismiss the appeal.

NRCP 54(b) explicitly provides that "when more than one claim for relief is presented in an action, whether as a claim, *counterclaim, cross claim,* or *third party claim, or when multiple parties are involved,* the court may direct the entry of a *final judgment* as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. . . ." (Emphasis supplied.) This rule is determinative of the issue.

This court has repeatedly held that where there is a judgment dismissing fewer than all parties to an action, and there is no express determination that there is no just reason for delay by the lower court, the judgment is not a "final judgment" appealable under NRCP 72(b)(1). Wilmurth v. State, 79 Nev. 490, 387 P.2d 251 (1963); Aldabe v. Evans, 83 Nev. 135, 425 P.2d 598 (1967); Donoghue v. Rosepiler, 83 Nev. 251, 427 P.2d 956 (1967).

In this case, the trial court did not make the prerequisite determination of no just reason for delay. Accordingly, the judgment appealed from is not subject to appeal under NRCP 72(b)(1), and Respondent's motion must be granted; without prejudice, however, to the filing of such appeal as appellant may deem appropriate after final determination of the counter-claim and third party complaint by the court below.

It is so ordered.