CASCADE DRINKING WATERS, INC., A NEVADA CORPORATION, APPELLANT, v. CENTRAL TELEPHONE COMPANY, A DELAWARE CORPORATION; AK'WA PURE CORPORATION, A NEVADA CORPORATION; AND GENERAL TELEPHONE DIRECTORY COMPANY, A DELAWARE CORPORATION, RESPONDENTS.

No. 6910

December 29, 1972                    504 P.2d 697

*Lee & Beasley,* of Las Vegas, for Appellant.

*Rose & Norwood, Ltd.,* of Las Vegas, for Respondents.

# OPINION

*Per Curiam:*

This appeal is from an order granting a motion to dismiss, to the respondents, Central Telephone Co., and General Telephone Directory Co. Three defendants were named in the appellant's complaint. The two respondents to this appeal were involved in only two of the three causes of action.

It appears from the record that matters other than those appearing on the complaint were considered and that the motion to dismiss was treated as a motion for summary judgment. NRCP 56. Nowhere in the order of the court below is there an "express determination that there is no just reason for delay," as required by NRCP 54(b)[1] before an appeal can be taken where multiple parties are involved.

This court has held that a judgment dismissing fewer than all parties to an action without an express determination that there is no just reason for delay by the district court is not a final judgment appealable under NRCP 72(b)(1). Hill v. State ex rel. Dep't of Hwys., 86 Nev. 37, 464 P.2d 468 (1970); Donoghue v. Rosepiler, 83 Nev. 251, 427 P.2d 956 (1967); Aldabe v. Evans, 83 Nev. 135, 425 P.2d 598 (1967); Wilmurth v. State, 79 Nev. 490, 387 P.2d 251 (1963).

Accordingly, this appeal is dismissed without prejudice to the right of the appellant to reinstate it or to appeal any other issues it may have after final determination of the complaint in civil action A 95819 in the court below.

It is so ordered.

---

[1]NRCP 54(b): "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."