PERRY KING AND VIOLA KING, APPELLANTS, v. ROBERT BASKIN, DARWIN LAMB, WILLIAM BRIARE, LOU LaPORTA, JAMES RYAN, COUNTY COMMISSIONERS OF CLARK COUNTY, SOUTHERN NEVADA MEMORIAL HOSPITAL, JACK STAGGS, ADMINISTRATOR THEREOF, DR. WILLIAM B. RYDELL, JR., AND CLARK COUNTY, RESPONDENTS.

No. 7082

July 2, 1973                                        511 P.2d 115

[Rehearing denied August 14, 1973]

*Charles L. Kellar,* of Las Vegas, for Appellants.

*Paul C. Parraguirre,* of Las Vegas, for Respondents.

## OPINION

By the Court, GUNDERSON, J.:

Appellants Perry and Viola King, surviving parents of a three-year-old boy who died at "Southern Nevada Memorial Hospital" during treatment for a scalp laceration he incurred falling from a swing, have appealed sundry orders adversely terminating their wrongful death action.

1.   Southern Nevada Memorial Hospital is a public hospital established by Clark County pursuant to NRS 450.010 et seq. In Bloom v. Southern Nevada Memorial Hospital, 70 Nev. 533, 275 P.2d 885 (1954), and McKay v. Washoe General Hospital, 55 Nev. 336, 33 P.2d 755 (1934), this court held such a hospital is without legal entity, and therefore neither it nor its trustees are subject to suit. On that authority, we affirm the district court's order dismissing appellants' action as against "Southern Nevada Memorial Hospital."[1]

2.   In Hughey v. Washoe County, 73 Nev. 22, 306 P.2d 1115 (1957), we held: "The hospital having no entity apart from the county it must follow that the county is the party legally responsible for the obligations of the hospital." 73 Nev.,

---

[1]In opposition, appellants' Opening Brief tenders these social views:

"It [Southern Nevada Memorial Hospital] carries its own liability insurance policy, different from Clark County, and, therefore, contemplates liability for which it should be protected when it uses the monies of citizens to purchase liability insurance, and the liability insurance company should not be allowed to collect all the monies for liability insurance and then to claim no liability . . ."

Of course, if public funds have been expended for a policy issued to "Southern Nevada Memorial Hospital," insuring against torts of hospital personnel in the course of their employment, appellants may be entitled to compensation from such policy. However, we consider that issue legally unrelated to the question of whether the hospital is a proper party to this action.

at 23; 306 P.2d, at 1115. Notwithstanding, in this case the district court entered summary judgment in favor of Clark County itself, because appellants were tardy in presenting their claim to the board of county commissioners. See: NRS 244.250. On the authority of Turner v. Staggs, 89 Nev. 230, 510 P.2d 879 (1973), that judgment must be reversed. "The statutory provisions of this state which provide that no person shall sue a governmental entity of this state for a demand arising out of governmental tort unless he first presents a claim within 6 months from the time such tort occurred are void and of no effect." 89 Nev. at 235; 510 P.2d at 883.

3. Apparently believing that appellants had named respondent Staggs a defendant solely because he was the hospital's administrator, and had named respondents Baskin, Lamb, Briare, LaPorta and Ryan solely because they were county commissioners, the district court granted their motions to dismiss. NRCP 12. Similarly, apparently believing the record before it left no genuine issue of fact concerning appellants' claim against respondent Rydell, the district court granted his motion for summary judgment. NRCP 56. However, those rulings were without finality until disposition of the action as against Clark County; for the court made no express determination that there was no just cause for delay, and no express direction for the entry of judgment. NRCP 54(b); Van Dyk v. Earl, 87 Nev. 541, 490 P.2d 1057 (1971); Monsour v. Haddad, 87 Nev. 448, 488 P.2d 916 (1971); Donoghue v. Rosepiler, 83 Nev. 251, 427 P.2d 956 (1967); Wilmurth v. State, 79 Nev. 490, 387 P.2d 251 (1963).

Reviewing what record is before us, we cannot say the district court erred, either in dismissing the aforementioned persons from the case, or in retaining jurisdiction to re-open the case against them if that should later appear warranted. We order that, on remand for disposition of appellants' claim against Clark County, the district court's orders concerning Mr. Staggs, the county commissioners, and Dr. Rydell will remain "subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." NRCP 54(b); cf. Lum v. Stinnett, 87 Nev. 402, 488 P.2d 347 (1971).[2]

---

[2]The parties' briefs do not thoroughly explore, and we will not now assay to delineate, the circumstances under which a county hospital administrator or the county commissioners may be liable to persons negligently or willfully injured at such a facility.

The judgment in favor of Clark County is reversed, and the cause remanded for proceedings consistent herewith.[3]

THOMPSON, C. J., and MOWBRAY, BATJER, and ZENOFF, JJ., concur.

---

[3]This court had not yet decided Turner v. Staggs, supra, when the district court, acting through Judge Christensen, entered judgment for Clark County. Hence, that precedent was not then available for his guidance. Judge Gang entered the other orders mentioned herein.