DE LUCA IMPORTING CO., INC., A CORPORATION, APPELLANT, *v.* THE BUCKINGHAM CORPORATION, A CORPORATION; BUCKINGHAM DISTRIBUTORS, INC., A CORPORATION; BUCKINGHAM DISTRIBUTORS, A CORPORATION; BEST BRANDS, INC., A CORPORATION, RESPONDENTS.

No. 6960

April 15, 1974                           520 P.2d 1365

*Galane, Tingey & Shearing,* of Las Vegas; and *J. Albert Hutchinson,* of San Francisco, California, for Appellant.

*Dickerson, Miles & Pico,* and *Morse, Foley & Wadsworth,* of Las Vegas; *Levin and Saphier,* and *Gibson, Dunn & Crutcher,* of Los Angeles, California, for Respondents.

**OPINION**

*Per Curiam:*

In this case the appellant not only seeks an accounting and damages, but also an injunction.

This appeal is taken from an order of the district court dismissing portions of appellant's complaint seeking injunctive relief against the respondents, and from an order denying appellant's motion for a preliminary injunction.

1. Nowhere in the order of the district court dismissing those portions of appellant's complaint seeking injunctive relief, is there an "express determination that there is no just reason for delay," as required by NRCP 54(b),[1] before an appeal can be taken where multiple claims are involved. An order dismissing a claim where more than one claim for relief is presented without an express determination by the district court, that there is no just reason for delay, is not a final order appealable under NRAP 3A(b), formerly NRCP 72(b)(1). See King v. Baskin, 89 Nev. 290, 511 P.2d 115 (1973); Cascade Drinking Waters v. Central Tel., 88 Nev. 702, 504 P.2d 697 (1972); Hill v. State ex rel. Dep't Hwys., 86 Nev. 37, 464 P.2d 468 (1970).

2. An appeal may be taken from an order denying a motion for an injunction without any express determination that there is no just reason for delay as required by NRCP 54(b). NRAP 3A(b)(2). See Atlantic Richfield Co. v. Oil, Chemical & A. Wkrs. Int. U., 447 F.2d 945 (7th Cir. 1971);

---

[1]NRCP 54(b): "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

Build of Buffalo, Inc. v. Sedita, 441 F.2d 284 (2nd Cir. 1971); Western Geophysical Co. of Amer. v. Bolt Associates, Inc., 440 F.2d 765 (2nd Cir. 1971); Rains v. Cascade Industries, Inc., 402 F.2d 241 (3rd Cir. 1968); Alloyd General Corp. v. Building Leasing Corp., 361 F.2d 359 (1st Cir. 1966); George P. Converse & Co. v. Polaroid Corporation, 242 F.2d 116 (1st Cir. 1957); Pang-Tsu Mow v. Republic of China, 201 F.2d 195 (D.C.Cir. 1952); 91 U.S.App.D.C. 324, cert. denied 345 U.S. 925.

In its order denying appellant's motion for preliminary injunction, the district court assumed that all of the allegations of the appellant's complaint were supported by probative evidence and accepted them as proven fact, and took such facts in their interpretation and inference most favorable to the appellant.

In its complaint, the appellant alleged that during the year 1946, and on or before the first day of July, 1946, the appellant and the respondent, Buckingham Corporation, entered into an oral agreement for the sale, purchase, resale and wholesale distribution in a portion of the State of Nevada of the alcoholic beverage products held by Buckingham for sale in the United States and open to lawful sale as such in the State of Nevada, particularly including imported Scotch whiskey named and labeled Cutty Sark; that by the terms of the agreement, it was expressly understood and agreed that Buckingham would and did appoint appellant its sole and exclusive distributor and purchaser for resale at wholesale to licensed dealers in alcoholic beverages in appellant's exclusive territory, and that plaintiff should have the exclusive right of purchase for resale and the exclusive right of sale to licensed persons within appellant's exclusive territory of said alcoholic beverage products held for sale by Buckingham and open to lawful sale in the State of Nevada.

Appellant further alleged that on or about February 16, 1972, without its consent, Buckingham advised appellant that after April 1, 1972, it would no longer recognize appellant as the exclusive distributor in the appellant's exclusive territory, and that it had appointed the respondent, Best Brands, Inc., as an additional distributor of Cutty Sark in plaintiff's exclusive territory.

Appellant's motion before the district court sought to enjoin and restrain Buckingham from delivering Cutty Sark Scotch Whiskey to Best Brands, Inc., and from in any way defeating its exclusive right to sell Cutty Sark whiskey within its exclusive territory. In addition, the motion sought to restrain Best

Brands, Inc., from in any way inducing or aiding Buckingham in its proposed breach.

In Harmon v. Tanner Motor Tours, 79 Nev. 4, 377 P.2d 622 (1963), this Court said: "An exclusive franchise is a property right. Injunctive relief is available to prohibit inter-ference with it. (Citations omitted.) Equitable intervention is needed to protect the vitality of an exclusive franchise, for the moment the right becomes common the franchise ceases to exist." An exclusive distributorship in an exclusive territory is entitled to protection equal to that of an exclusive franchise.

In the light of Harmon v. Tanner Motor Tours, supra, the district court erred in summarily denying the appellant's motion for a preliminary injunction without affording it an opportunity to be heard.

This case is remanded to the district court for a hearing on the appellant's motion for a preliminary injunction and for a reconsideration, in light of *Tanner,* of its order dismissing those portions of appellant's complaint seeking injunctive relief.

The appeal from that order dismissing portions of the appel-lant's complaint is dismissed without prejudice to the right of the appellant to reinstate it or to appeal any other issues after final determination of the complaint by the district court.