STATE OF NEVADA EX REL. ROBERT LIST, ATTORNEY GENERAL OF THE STATE OF NEVADA; STATE OF NEVADA EX REL. GEORGE HOLT, DISTRICT ATTORNEY OF CLARK COUNTY, NEVADA; CONSUMER AFFAIRS DIVISION, DEPARTMENT OF COMMERCE, EX REL. REX LUNDBERG, COMMISSIONER, APPELLANTS, v. AAA AUTO LEASING AND RENTAL, INC., A NEVADA CORPORATION D/B/A COURTESY R.V. AUTO AND LEASING, D/B/A COURTESY R.V. CENTER, D/B/A COURTESY MOTORS, AND TYRONE HAVAS, INDIVIDUALLY AND AS SOLE SHAREHOLDER, AGENT AND OPERATOR OF AAA AUTO LEASING AND RENTAL, INC. D/B/A COURTESY R.V. AUTO AND LEASING D/B/A COURTESY R.V. CENTER D/B/A COURTESY MOTORS AND VICTOR HAVAS, INDIVIDUALLY AND AS AN AGENT OF AAA AUTO LEASING AND RENTAL, INC., D/B/A COURTESY R.V. AUTO AND LEASING, D/B/A COURTESY R.V. CENTER, D/B/A COURTESY MOTORS, RESPONDENTS.

No. 8833

September 9, 1977                    568 P.2d 1230

*Robert List,* Attorney General, Carson City, and *Joshua M. Landish,* Deputy Attorney General, Las Vegas; *George Holt,* District Attorney, Clark County, for Appellants.

*Paul V. Carelli, III,* and *George Foley,* Las Vegas, for Respondents.

## OPINION

By the Court, BATJER, C. J.:

Appellants commenced an action alleging, *inter alia,* that respondents engaged in the use of deceptive trade practices prohibited by the Trade Regulation and Practices Act, NRS Ch. 598. The district court dismissed that portion of appellants' complaint which requested respondents be preliminarily and permanently enjoined from engaging in business activities related to the sale, lease or repair of motor vehicles within the State of Nevada. This appeal follows.

1. Notwithstanding respondents' contention to the contrary, the district court's order is appealable. NRCP 54(b)[1] requires the district court to make an express determination there is no just reason for delay and an express direction for entry of judgment before an appeal may be taken from an order dismissing a claim where more than one claim for relief is presented. Here, the district court made the determination required by Rule 54(b). Therefore, this appeal from the district court's order is properly before us. DeLuca Importing Co., Inc. v. Buckingham Corp., 90 Nev. 158, 520 P.2d 1365 (1974).

---

[1]NRCP 54(b) provides:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and rights and liabilities of all the parties."

2. Appellants, relying on NRS 598.540(1)[2], contend the district court improperly dismissed that portion of the complaint requesting an injunction. NRS 598.540(1) provides that the commissioner of consumer affairs may apply for an injunction or temporary restraining order prohibiting a person from continuing deceptive trade practices as enumerated in NRS 598.410. The statute further provides: "The court may make orders or judgments necessary to prevent the use by such person of any such deceptive trade practices or to restore to any other person any money or property which may have been acquired by such deceptive trade practices." Appellants argue this language is a clear indication of legislative intent to give the court absolute discretion to take any measure, including completely barring an individual from engaging in a business, necessary to prevent fraud against the public in the form of deceptive trade practices.

Within its police power, the legislature may regulate commercial and business affairs in order to promote the health, safety, morals and general welfare of its citizens and to protect its citizens from injurious activities. Viale v. Foley, 76 Nev. 149, 350 P.2d 721 (1960). Pursuant to this power, the legislature may regulate an otherwise legitimate business which, if conducted improperly, is detrimental to the public, or it may prohibit a business activity which is essentially injurious to the public welfare, provided such legislation is not prohibited by the Constitutions of the United States or Nevada. Breard v. Alexandria, 341 U.S. 622 (1951); Frisbie v. United States, 157 U.S. 160 (1895); State ex rel. Sanborn v. Koscot Interplanetary, Inc., 512 P.2d 416 (Kan. 1973); Koscot Interplanetary, Inc. v. Draney, 90 Nev. 450, 530 P.2d 108 (1974).

Although the Trade Regulation and Practices Act specifically prohibits the use of pyramid promotional schemes, the

---

[2]NRS 598.540(1) provides:

"1. Notwithstanding the requirement of knowledge as an element of any practice enumerated in NRS 598.410 as a deceptive trade practice, when the commissioner has cause to believe that a person has engaged or is engaging in any of the practices enumerated in NRS 598.410, knowingly or otherwise, he may apply for an injunction or temporary restraining order, as provided in N.R.C.P. 65, prohibiting such person from continuing such practices. The court may make orders or judgments necessary to prevent the use by such person of any such deceptive trade practice or to restore to any other person any money or property which may have been acquired by such deceptive trade practices."

legislature has nowhere declared business activities related to the sale, lease or repair of motor vehicles to be essentially injurious to the public welfare or injuriously fraudulent. Nor has it declared contracts and agreements relative to such business activities against public policy and voidable. *See* Koscot Interplanetary, Inc. v. Draney, *supra.*

Courts must construe a statute to give meaning to all of its parts. Nevada State Personnel Division v. Haskins, 90 Nev. 425, 529 P.2d 795 (1974); Herrick v. Herrick, 55 Nev. 59, 25 P.2d 378' (1933). Upon considering NRS 598.540(1) which permits the commissioner to apply for an injunction prohibiting a person from continuing deceptive trade practices and NRS 598.570[3] which permits the district attorney to bring an action in the state's name for an injunction against any person who is using, has used or is about to use any deceptive trade practices, we conclude the statutes proscribing the use of deceptive trade practices clearly contemplate only injunctions against the use of such practices and not injunctions which prohibit an individual from engaging in a particular business or occupation.

The district court's order dismissing that portion of the complaint requesting respondents be enjoined from engaging in business activities related to the sale, lease or repair of motor vehicles is affirmed.[4]

THOMPSON, GUNDERSON, and MANOUKIAN, JJ., and HOYT, D. J., concur.

---

[3]NRS 598.570 provides:

"Notwithstanding the requirement of knowledge as an element of any practice enumerated in NRS 598.410 as a deceptive trade practice, and *notwithstanding the enforcement powers granted to the commis-*sioner pursuant to NRS 598.360 to 598.640, inclusive, whenever the district attorney of any county has reason to believe that any person is using, has used or is about to use any of the practices enumerated in NRS 598.410, knowingly or otherwise, he may bring an action in the name of the State of Nevada against such person to obtain a temporary or permanent injunction against such deceptive trade practices."

[4]MR. JUSTICE MOWBRAY voluntarily disqualified himself and took no part in this decision. The Governor, pursuant to Art. VI, § 4 of the Constitution, designated District Judge Merlyn H. Hoyt to sit in his stead.