# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHERSUS HOLDINGS, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
BANK OF NEW YORK MELLON, F/K/A
THE BANK OF NEW YORK AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS OF CWABS,
INC., ASSET-BACKED CERTIFICATES,
SERIES 2005-7,
Respondent.

No. 74546



FILED

JUL 2 5 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This appeal challenges a district court order dismissing, on preclusion grounds, an action seeking declaratory relief and quiet title. Eighth Judicial District Court, Clark County; Michelle Leavitt, Judge.

Appellant Chersus Holdings, LLC, argues that claim preclusion does not bar its complaint filed in 2015 against respondent Bank of New York Mellon (BoNY) because there was no prior final judgment in the previous case Chersus filed against BoNY and others in 2013.[1] We review de novo, *see Alcantara v. Wal-Mart Stores, Inc.*, 130 Nev. 252, 256, 321 P.3d 912, 914 (2014) (applying de novo review to claim preclusion

---

[1]As the parties are familiar with the facts, we only recite those necessary for our disposition.

19-31379

determinations), and agree.[2] A review of the record reflects that the district court's dismissal of the 2013 complaint as to BoNY only was improperly certified under NRCP 54(b) and, thus, did not constitute a final judgment. *See* NRCP 54(b) (2005) ("When multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the parties only upon an express determination that there is no just reason for delay."); *Cascade Drinking Waters, Inc. v. Cent. Tel. Co.*, 88 Nev. 702, 703, 504 P.2d 697, 697 (1972) ("This court has held that a judgment dismissing fewer than all parties to an action without an express determination that there is no just reason for delay by the district court *is not a final judgment*." (emphasis added)). Thus, the district court erred by finding that claim preclusion barred the complaint filed by Chersus in 2015. *See Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1054, 194 P.3d 709, 713 (2008) (holding that one of the requisites for claim preclusion is the

---

[2]We reject BoNY's jurisdictional challenge of Chersus' appeal; jurisdiction is valid because the challenged order constitutes a special order after final judgment under NRAP 3A(b)(8). *See Gumm v. Mainor*, 118 Nev. 912, 920, 59 P.3d 1220, 1225 (2002) (holding that a special order after final judgment is one that affects the rights of some party to the action, "growing out of the judgment previously entered. It must be an order affecting rights incorporated in the judgment.").

existence of a valid, final judgment), *modified on other grounds by Weddell v. Sharp*, 131 Nev. 233, 350 P.3d 80 (2015).[3]

We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for further proceedings.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:   Hon. Michelle Leavitt, District Judge
      Robert F. Saint-Aubin, Settlement Judge
      The Law Office of Vernon Nelson
      Akerman LLP/Las Vegas
      Eighth District Court Clerk

---

[3]Citing to *Bell v. Taylor*, 827 F.3d 699 (7th Cir. 2016), BoNY urges us to adopt a relaxed concept of finality for purposes of claim preclusion. We reject this invitation and reaffirm the strict claim preclusion requirements outlined in *Five Star*, 124 Nev. at 1054, 194 P.3d at 713.