OPINION
By the Court, Douglas, J.:
In this appeal, we consider whether an employee who is treated for injuries sustained on the job is considered temporarily totally disabled or temporarily partially disabled when she is able to return to work on a part-time basis. We conclude that a worker released to work with restrictions is only temporarily partially disabled; therefore, her position and salary need not comport with NRS 616C.475,[1] which sets forth standards regarding when an employer, by offering modified employment, can cease making temporary total disability payments. Thus, a temporarily partially disabled employee must be compensated at the rate set forth in NRS 616C.500(1).

FACTS AND PROCEDURAL HISTORY

On April 18, 2001, respondent Dee Dee Magee injured her right wrist while working at her job with appellant Amazon.com in Fernley, Nevada. Magee sought treatment at a local emergency room, and after an examination, the treating physician diagnosed her injury as possible carpal tunnel syndrome, placed her in a forearm splint and prescribed naproxen. No x-rays were taken at that time.
On April 23, 2001, Magee sought further medical advice regarding the cause and extent of her injury. After an examination, Magee was advised that her symptoms did not coincide with obvious carpal tunnel syndrome but that she should continue to wear the forearm splint for two weeks. The physician noted that Magee should be placed on restricted duty, without elaborating on the nature of the restrictions.
From May 14 to June 10, 2001, Magee visited several physicians. At the conclusion of each visit, Magee was released to light-duty work subject to certain physical restrictions and limitations. After a June 11, 2001 visit, Magee was released to light-duty work with a four-hour-a-day work restriction.
*634 On August 13, 2001, Magee underwent corrective surgery on her right wrist. Following the surgery, she experienced pain in her left hand and was subsequently diagnosed with carpal tunnel syndrome in her left wrist. Consequently, Magee underwent a second surgery to repair her left wrist. On October 30, 2001, Magee was released to full-duty work with no restrictions.
Before the initial wrist injury, Magee worked approximately ten hours per day, four days a week, for a total of forty hours per week. She was paid $10.00 per hour for a gross weekly wage of $400.00. After her initial wrist injury, when Magee was restricted in the number of hours she could work, she still earned $10.00 an hour. The record indicates that her daily and weekly hours varied, but that she generally never worked more than four hours a day or sixteen hours a week.
Magee eventually submitted workers’ compensation claims for the injuries to her wrists. Amazon.com never disputed Magee’s diagnosis or that her condition was the result of her employment. Ultimately, Amazon.com’s insurer[2] made separate determinations regarding Magee’s claims.
For the period of May 5 through October 30, 2001, the insurer found that Magee was eligible for temporary partial disability benefits under NRS 616C.500, with at least two periods when she was eligible for temporary total disability benefits. The first period of Magee’s temporary total disability, which began after the right-wrist surgery on August 13, 2001, was terminated on August 24, 2001, because she returned to light-duty work and collected temporary partial disability benefits. Temporary total disability benefits were reinstated on October 3, 2001, due to Magee’s left-wrist surgery, but were terminated on October 16, 2001, after her physician released her to light-duty work. Finally, based upon her release to foil-duty work with no restrictions on October 30, 2001, all benefits ceased.
Magee administratively appealed the insurer’s determinations to a workers’ compensation hearing officer with the Nevada Department of Administration, asserting generally that under NRS 616C.475, she was entitled to temporary total disability benefits for the entire period of May 5, 2001, through October 30, 2001. The hearing officer disagreed and affirmed the insurer’s previous determinations.
Magee then appealed the hearing officer’s decision to an appeals officer, arguing that for the periods during which she was restricted to working four hours a day, she was entitled to either temporary total disability benefits in the amount of 66 2/3 percent of her average monthly salary with no work requirement, or her pre- *635 injury gross salary while she worked her modified schedule. The appeals officer agreed and reversed the hearing officer’s decision. Relying on NRS 616C.475(8), the appeals officer ordered Amazon.com to pay Magee her pre-injury gross wage, approximately $400.00 a week, for the periods when Magee was restricted to working four hours a day.
Amazon.com then filed a petition for judicial review with the district court, arguing that the appeals officer erred in applying NRS 616C.475(8) to calculate Magee’s benefits. The district court denied Amazon.com’s petition, stating, “NRS 616C.475(8) was the proper statute to apply to the calculation of payment in this case.” Amazon.com now appeals the district court’s order denying its petition.

DISCUSSION

This court independently reviews the application of the statutes governing disability payments.[3] Therefore, we address this matter anew, without deference to the district court’s conclusions.[4] Additionally, we note that this court has “ ‘ “consistently upheld the plain meaning of the statutory scheme in workers’ compensation laws.” ’ ”[5]
NRS 616C.475(1) establishes the compensation owed to an employee who is classified as temporarily totally disabled and states that the employee “is entitled to receive for the period of temporary total disability, 66 2/3 percent of the average monthly wage.”[6] Under NRS 616C.475(5), however, temporary total disability benefits must cease when:
(a) A physician or chiropractor determines that the employee is physically capable of any gainful employment for which the employee is suited, after giving consideration to the employee’s education, training and experience;
*636 (b) The employer offers the employee light-duty employment or employment that is modified according to the limitations or restrictions imposed by a physician or chiropractor pursuant to subsection 1 ... [7]
The modified job must meet the requirements of NRS 616C.475(8), which mandates that the position:
(a) Is substantially similar to the employee’s position at the time of his injury in relation to the location of the employment and the hours he is required to work; and
(b) Provides a gross wage that is:
(1) If the position is in the same classification of employment, equal to the gross wage the employee was earning at the time of his injury; or
(2) If the position is not in the same classification of employment, substantially similar to the gross wage the employee was earning at the time of his injury.
When NRS 616C.475 is read in its entirety, an employer who provides a temporarily totally disabled employee with a post-injury job that is similar in hours, location and gross pay to the job the employee held pre-injury, and who gives adequate consideration to the employee’s post-injury limitations, can cease paying the employee temporary total disability benefits in the amount of 66 2/3 percent of the employee’s pre-injury wage. However, NRS 616C.475 only applies to employees who are considered temporarily totally disabled. A ‘ ‘total disability’ ’ occurs when an employee is injured as a result of an accident “arising out of and in the course of employment which prevents the covered worker from engaging, for remuneration or profit, in any occupation for which he is or becomes reasonably fitted by education, training or experience.’ ’[8]
Here, Magee was unable to earn her pre-injury wages due to her doctor’s decision to restrict her work to a four-hour workday. However, although she was unable to earn her total pre-injury *637 wages, her disability was partial, not total.[9] When her physician released her to light-duty employment, even with the four-hour workday restriction, Magee was not entitled to temporary total disability benefits, because her physical disabilities and work limitations, for the most part, did not prevent her from earning wages.[10] At those times she was only partially disabled. Accordingly, the insurer correctly calculated Magee’s compensation for the period in which her work hours were restricted by applying NRS 616C.500(1), the temporary partial disability statute.[11]
In reversing the hearing officer’s determination, the appeals officer erroneously concluded that Magee was temporarily totally disabled during the time periods when she was restricted to working four hours a day. The appeals officer compounded the error by misconstruing NRS 616C.475(8) to mean that while Magee was temporarily totally disabled, Amazon.com was obligated to pay her gross salary she earned before her injury.
NRS 616C.475(8) should not be used to calculate the amount of temporary total disability benefits. Rather, it serves to define whether a job offered by an employer to a temporarily totally disabled employee enables the employer to cease temporary total disability payments to the injured employee.
When read in conjunction with the other sections of NRS 616C.475, NRS 616C.475(8) merely allows an employer to make productive use of an injured employee in lieu of paying that employee 66 2/3 percent of the employee’s gross pay while the employee remains temporarily totally disabled. This use is accomplished by offering a properly classified, temporarily totally *638 disabled employee a position similar in location, pay and position to the job held pre-injury.
The reliance on and interpretation of NRS 616C.475 in this instance would lead to the absurd result of requiring Amazon.com to pay Magee, who was capable of some gainful employment, her pre-injury gross wage of $400.00 while she worked a fraction of her pre-injury hours. Accordingly, the hearing officer was correct in affirming the insurer’s determination that Magee was entitled to temporary partial disability benefits for the periods during which she was under a four-hour-a-day work restriction, at a rate calculated under NRS 616C.500(1).
We therefore reverse the district court’s order denying Amazon, corn’s petition for judicial review and remand for further proceedings consistent with this opinion.
Maupin and Parraguirre, JJ., concur.

The Nevada Legislature amended NRS 616C.475 in 2003 and 2005. For this appeal, the court relies on the 1999 version of NRS 616C.475 in effect at the time of Magee’s claim. All other sections of the Nevada Revised Statutes cited in this opinion remain as they were in 1999.

At all relevant times, Amazon.com was self-insured through Kemper Insurance. However, this opinion will refer to the insurer separately.

Washoe Co. School Dist. v. Bowen, 114 Nev. 879, 882, 962 P.2d 1233, 1235 (1998).

See General Motors v. Jackson, 111 Nev. 1026, 1029, 900 P.2d 345, 348 (1995) (“A statute should always be construed to avoid absurd results.” (citing Moody v. Manny’s Auto Repair, 110 Nev. 320, 325, 871 P.2d 935, 938 (1994))).

Construction Indus. v. Chalue, 119 Nev. 348, 352, 74 P.3d 595, 597 (2003) (quoting Barrick Goldstrike Mine v. Peterson, 116 Nev. 541, 545, 2 P.3d 850, 852 (2000) (quoting SIIS v. Prewitt, 113 Nev. 616, 619, 939 P.2d 1053, 1055 (1997))).

See Bd. of County Comm’rs v. CMC of Nevada, 99 Nev. 739, 744, 670 P.2d 102, 105 (1983) (“Courts must construe statutes and ordinances to give meaning to all of their parts and language.” (citing State ex rel. List v. AAA Auto Leasing, 93 Nev. 483, 568 P.2d 1230 (1977))).

NRS 616C.475(7) specifies what information “[a] certification of disability” must contain and requires that the certification be signed by a treating physician or chiropractor.

NRS 616A.340; see also 82 Am. Jur. 2d Workers’ Compensation § 382, at 353 (2003) (“ ‘[Tjemporary total disability’ is a condition that temporarily incapacitates a worker from performing any work at any gainful employment . . . .”); id. § 380, at 351 (“[Disability is partial rather than total where the claimant is still capable of gainful employment subject to the disability, even though the disability prevents the claimant from returning to his or her former employment.” (footnote omitted)).

See Bumble Bee Seafoods v. Director, Office of Wkrs.’, 629 F.2d 1327, 1328 (9th Cir. 1980) (“The degree of physical impairment is measured by its impact on the worker’s earning capacity.”).

Cf. Nevada Indus. Comm’n v. Taylor, 98 Nev. 131, 132, 642 P.2d 598, 599 (1982) (holding that when an injured employee is released for work by his physician, the release constituted a determination by competent medical authority that the employee was capable of “gainful” employment; therefore, “temporary total disability [payments] must cease”).

NRS 616C.500(1) states:
Except as otherwise provided in subsection 2 and NRS 616C.175, every employee in the employ of an employer, within the provisions of chapters 616A to 616D, inclusive, of NRS, who is injured by accident arising out of and in the course of employment, is entitled to receive for a temporary partial disability the difference between the wage earned after the injury and the compensation which the injured person would be entitled to receive if temporarily totally disabled when the wage is less than the compensation, but for a period not to exceed 24 months during the period of disability.