[915 NYS2d 735]

In the Matter of the Claim of YVONNE PRATT, Appellant, v LONG ISLAND JEWISH MEDICAL et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.

Third Department, January 27, 2011

### APPEARANCES OF COUNSEL

*John F. Clennan*, Ronkonkoma, for appellant.

*Stewart, Greenblatt, Manning & Baez*, Syosset (*Michael H. Ruina* of counsel), for Long Island Jewish Medical and another, respondents.

### OPINION OF THE COURT

LAHTINEN, J.

Claimant sustained a work-related injury in January 1999, her claim was established and her average weekly wage was determined to be $788.34. She was eventually classified as having a permanent partial disability with a weekly compensation rate of $389.17 (*see* Workers' Compensation Law § 15 [3] [w]; [5-a]; *Matter of Matise v Munro Waterproofing Co.*, 293 NY 496, 500 [1944]). In June 2000, she set up a subchapter S corporation and began running a psychotherapy business known as Mind and Body Therapeutics. The workers' compensation carrier later sought review (and a decrease) of the rate of the reduced earnings award based on claimant's income from her business.

At the ensuing hearing, the primary dispute distilled to what expense deductions from gross income were proper under the circumstances. Claimant had minimized or reduced to zero the corporation's net earnings (and thus her income) for many of the years in dispute by taking sundry deductions. The Workers' Compensation Law Judge (hereinafter WCLJ) found that all deductions included in the pertinent federal tax returns were necessary expenses for purposes of computing claimant's reduced earnings award. Upon review, the Workers' Compensation Board articulated the ''necessary/mandatory'' versus ''optional/elective'' expenses standard, and the majority of the Board affirmed the WCLJ, determining that all the expenses claimed by claimant were necessary in light of the nature of her business. The dissent urged that only some of the expenses fell within the ''necessary/mandatory'' category.

The carrier pursued full Board review based upon the dissent (*see* Workers' Compensation Law § 23). In a lengthy decision, the full Board articulated and applied the ''necessary/mandatory'' versus ''optional/elective'' analysis. It determined that necessary expenses for claimant's psychotherapy business included office rent, tax and licensing expenses, telephone, therapy supplies, utilities and malpractice insurance. Noting that claimant did not travel to see clients and used her vehicle

for commuting to her office, all vehicle related expenses were considered optional. Some of the other various expenses found optional included repairs and maintenance, depreciation, insurance other than malpractice, Internet service, legal and accounting services, bank charges, storage, and subscriptions and books. Accordingly, the full Board decreased claimant's reduced earnings award. Claimant appeals.

Unlike a person who returns to work for an employer and receives a clearly discernible wage, actual earnings of a person who ventures into his or her own business are impacted by an assortment of factors. The Board has consistently used the fact-specific approach of analyzing the nature of a claimant's business venture and categorizing expenses as either necessary or optional (*see e.g. Employer: Liro Eng'g Group*, 2010 WL 2752736, *2, 2010 NY Wrk Comp LEXIS 5990, *2-5 [WCB No. 40704633, July 8, 2010]; *Employer: Waterford Indus. Inc.*, 2007 WL 4953828, *2, 2007 NY Wrk Comp LEXIS 11325, *3-5 [WCB No. 09466635, Dec. 26, 2007]; *Employer: NYS Dept. of Mental Hygiene*, 2001 WL 1527270, *1-2, 2001 NY Wrk Comp LEXIS 97018, *3-5 [WCB No. 59102160, Nov. 15, 2001]). We have noted the Board's approach in the past, but have not previously been directly presented with a challenge to the methodology (*see Matter of Baldwin v Ben Funk, Inc.*, 32 AD3d 639, 640 [2006]; *Matter of Sawyer v Orange Motors*, 24 AD3d 1117, 1117 [2005]). Although claimant correctly points out that the decision relied upon by the Board to support this methodology was decided in the context of a no-fault case (*see Young v Utica Mut. Ins. Co.*, 107 Misc 2d 417 [1980], *mod* 86 AD2d 764 [1982]), the rationale of that case nevertheless provides a sound basis for addressing the issue of which expenses to permit when faced with a self-employed person in a workers' compensation case. Indeed, permitting the Board to analyze the nature of a business and make specific factual determinations as to which expenses are necessary to such business in order to arrive at an amount of earnings for workers' compensation purposes is analogous to the factual determination the Board makes regarding how much of a self-employed person's income is passive profit from investment rather than earnings for services (*see Matter of Fisher v Combined Life Ins.*, 272 AD2d 823, 823 [2000]; *Matter of Joyce v European Auto Serv.*, 226 AD2d 952, 952-953 [1996]; *see also* New York Workers' Compensation Handbook § 5.33 [3]). We are unpersuaded that the Board erred in utilizing this methodology.

Here, the carrier produced a comprehensive report from a certified public accountant and the accountant testified at the

hearing. The reasons for challenging certain expenses as optional were set forth in detail. The full Board found those challenges meritorious and explained its reasons at some length. For example, the significant vehicle expenses were found optional because claimant did not travel to client's homes. Expenses for repairs and maintenance were not permitted since claimant testified that she did not have to alter her leased office. The full Board further noted that various expenses such as Internet services and subscriptions, while perhaps enhancing claimant's business, were not necessary for a psychotherapy business. There is substantial evidence in the record supporting the factual determinations made by the full Board.

MERCURE, J.P., ROSE, KAVANAGH and GARRY, JJ., concur.

Ordered that the decision is affirmed, without costs.