■ In the Matter of the Claim of JOHN GARDNER, Respondent, v TRIPLE R TRANSPORT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [931 NYS2d 275]—

Stein, J.

Claimant, a truck driver, was injured while working for the employer in 1999. Claimant sought workers' compensation benefits and the employer's workers' compensation carrier contested, among other things, the existence of an employer-employee relationship. The Workers' Compensation Board determined that there was such a relationship and the case continued. Based upon claimant's 1999 tax return, which reflected that his gross income was $49,224, the Board set claimant's average weekly wage at $946.61. Asserting that claimant's average weekly wage should have been based upon his net income—taking into account tax deductions taken by claimant for certain expenses associated with his employment—the employer and its carrier now appeal from both the underlying decision and the Board's denial of their application for reconsideration or full Board review.

Whether claimant's average weekly wage should be based upon his gross income or net income as reported on his tax forms is a factual determination to be made by the Board (see Employer: Fazio Whse, 2009 WL 607670, *3, 2009 NY Wrk Comp LEXIS 5617, *8 [WCB No. 00801991, Feb. 25, 2009]). Here, the Board's determination that claimant is an employee for purposes of workers' compensation benefits is not a subject of this appeal. Thus, we find no basis to disturb the Board's rejection of the employer's contention that this case is governed by precedent involving self-employed black car drivers (see e.g. Employer: Matter of NYBCOICF/VIP Connection, Inc., 2007 WL 3138197, *1, 2007 NY Wrk Comp LEXIS 9265, *1 [WCB No. 20404853,

Oct. 18, 2007]). Nonetheless, while claimant is considered an employee for workers' compensation purposes, he is treated as self-employed for tax purposes. The Board has held in at least one case that is factually indistinguishable from the instant matter that, in determining the average weekly wage of such a ''hybrid'' claimant, expenses which are characterized as mandatory/necessary should be deducted from the claimant's gross profit (see Fazio Whse, 2009 WL 607670, *3-4, 2009 NY Wrk Comp LEXIS 5617, *9-11).*

There is no indication in the record before us that the Board reviewed claimant's tax deductions and determined which, if any, should have been deducted from his gross earnings in fixing his average weekly wage, and the Board has not set forth an explanation for its deviation from prior precedent (see Matter of Charles A. Field Delivery Serv. [Roberts], 66 NY2d 516, 520 [1985]; Matter of Norcross v Camden Cent. School, 78 AD3d 1339, 1339 [2010]). Accordingly, we must reverse the Board's decision filed October 20, 2009 and remit to the Board for further proceedings.

Our decision renders the appeal from the request for reconsideration or full Board review academic.

Mercure, J.P., Peters, Garry and Egan Jr., JJ., concur. Ordered that the decision filed October 20, 2009 is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision. Ordered that the appeal from the decision filed December 3, 2010 is dismissed, as academic, without costs.

---

* Conversely, the Board determined that expenses that are characterized as optional should not be deducted from claimant's gross profit in calculating the average weekly wage. The determination of which expenses should be deducted is clearly a question of fact for the Board to decide (see Fazio Whse, 2009 WL 607670, *3, 2009 NY Wrk Comp LEXIS 5617, *8-9; see generally Matter of Pratt v Long Is. Jewish Med., 81 AD3d 179, 181 [2011], lv denied 16 NY3d 714 [2011]).