**131 Nev., Advance Opinion 60**

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| DZIDEFO MENSAH,<br>Appellant,<br>vs.<br>CORVEL CORPORATION,<br>Respondent. | No. 64053<br><br>**FILED**<br><br>AUG 0 6 2015<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY S. Young<br>DEPUTY CLERK |

Pro se appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Second Judicial District Court, Washoe County; Jerome Polaha, Judge.

*Reversed and remanded.*

Dzidefo Mensah, Reno, in Pro Se.

Lewis Brisbois Bisgaard & Smith, LLP, and Jeanne P. Bawa and John P. Lavery, Las Vegas,
for Respondent.

---

BEFORE SAITTA, GIBBONS and PICKERING, JJ.

*OPINION*

PER CURIAM:

In this workers' compensation case, a self-employed injured worker challenges an appeals officer's order that denied him temporary total and partial disability benefits on the basis that he could not establish a loss of any income without evidence of a salary. We conclude that for self-employed individuals, the lack of a salary associated with typical employment does not necessarily prevent an average monthly wage calculation for the purpose of determining lost income and rendering a

workers' compensation benefit decision. Instead, the injured worker's earnings, which include more than just the worker's salary and should take into consideration a self-employed individual's business profits and expenses, are part of the wage determination. We therefore reverse and remand.

## FACTS AND PROCEDURAL HISTORY

Appellant Dzidefo Mensah was a self-employed delivery driver who contracted with FedEx Home Delivery for one of its delivery routes. Under his service contract, he was required to maintain workers' compensation insurance, which he did through respondent CorVel Corporation. While delivering packages, appellant fell and injured his shoulder. Appellant's workers' compensation claim for his shoulder injury was accepted, and he received medical treatment. He was later released to light-duty work, but with his physical restrictions, he could not complete his delivery route and instead hired a replacement driver until he canceled the service contract. Appellant requested temporary disability benefits, which were denied on the basis that he continued to receive the same compensation under the FedEx service contract as he did before the injury occurred. Appellant administratively appealed, and the appeals officer denied both temporary total disability benefits (TTD) and temporary partial disability benefits (TPD) because appellant did not produce any documentation showing that he had paid himself a salary of $1,425 per week as he claimed, and thus, any difference between his pre-injury and post-injury income could not be determined. The district court denied appellant's petition for judicial review, and this appeal followed.

## DISCUSSION

Generally, an employee who is injured by accident arising out of and in the course of employment is entitled to receive as TPD the

difference between the wages earned after the injury and the benefits that the injured person would be entitled to receive if temporarily totally disabled, when the wages are less than the amount of those benefits. NRS 616C.500(1). "Wages" means the amount of money that an employee receives for the time the employee worked. *See generally* NRS 608.012(1); *see also Black's Law Dictionary* 1610 (8th ed. 2004) (defining a "wage" as "[p]ayment for labor or services," including "every form of remuneration payable for a given period to an individual for personal services"). The statutes, however, do not specifically explain how a self-employed person's wages are to be calculated.

It is indisputable that appellant suffered an industrial injury. This made him eligible to receive temporary disability benefits, calculated based on any loss in wages caused by the injury. *See* NRS 616C.475; NRS 616C.500(1). The appeals officer concluded that appellant was not entitled to those benefits[1] because his salary could not be established from his personal and corporate income tax filings and he could not produce any paystubs or other evidence of a salary. But appellant was self-employed, and thus, it is reasonable that he did not pay himself a salary in the typical sense. *See, e.g., Pratt v. Long Island Jewish Med.*, 915 N.Y.S.2d 735, 737 (App. Div. 2011) (explaining that determining the actual earnings

---

[1]The appeals officer's determination that appellant was not entitled to TTD benefits does not appear to be challenged on appeal. Nonetheless, appellant was released to light-duty work with restrictions, and therefore the appeals officer did not err in concluding that appellant was not entitled to TTD benefits. *See* NRS 616C.475(5); *Amazon.com v. Magee*, 121 Nev. 632, 636-37, 119 P.3d 732, 735-36 (2005) (explaining that when an injured employee is released to work, even with restrictions, that employee is no longer entitled to TTD benefits).

of a self-employed claimant may require a fact-specific analysis of the claimant's business and expenses); *Caparotti v. Shreveport Pirates Football Club*, 768 So. 2d 186, 193 (La. Ct. App. 2000) ("Profits from a sole proprietorship should be treated in the same manner as wages.").

The record clearly shows that appellant received compensation from FedEx Home Delivery under his service contract, and he paid another employee to complete his delivery route during the time that he was medically restricted from doing so, demonstrating a loss to appellant's business income. And although substantial evidence supports the appeals officer's determination that appellant had not established that he received a *salary* from his business, *see Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557 & n.4, 188 P.3d 1084, 1087 & n.4 (2008) (reviewing an appeals officer's fact-based decisions for substantial evidence, which "is evidence that a reasonable person could accept as adequately supporting a conclusion" (internal quotation omitted)), the appeals officer did not determine whether the documentation—including the Form 1099-MISC showing appellant's compensation from FedEx Home Delivery, the copies of paystubs showing wages paid to the replacement driver, and financial statements indicating appellant's business income and expenses—credibly established a loss to appellant's *earnings*, which may consist of more than just salary. *See* NAC 616C.420 (describing the average monthly wage as the "gross value of *all money* . . . received by an injured employee from his or her employment to compensate for his or her time or services" (emphasis added)); NAC 616C.423 (including more than just salary in the average monthly wage calculation); NAC 616C.432 (explaining how to calculate the average monthly wage); NAC 616C.441 (using an injured

worker's earnings as the basis for a wage calculation and defining "earnings").

The appeals officer therefore erred when she concluded that she was unable to calculate appellant's average monthly wage because he could not establish his salary and had thus failed to show a loss of income. The appeals officer should have determined the best method for calculating any loss to appellant's wages resulting from his industrial injury, taking into account both his business's income and expenses, *see Pratt*, 915 N.Y.S.2d at 737-38, and not limited her determination merely to what appellant, a self-employed individual, paid himself as a salary. *See Hartford Underwriters Ins. Co. v. Hafley*, 96 S.W.3d 469, 474 (Tex. App. 2002) (holding that where the statutes only address the income of a claimant who is employed by a third-party employer, the agency has the discretion "to choose a method for calculating the equivalent of statutory 'wages' for a self-employed claimant," and affirming the agency's decision to calculate wages based on the respondent's net income).

Accordingly, we reverse the district court's order denying appellant's petition for judicial review and remand with instructions for the district court to remand this case to the appeals officer for a determination of whether the documents submitted by appellant adequately demonstrate a wage loss during the time he was on restricted duty, wherein wages include more than just salary.

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering