# IN THE SUPREME COURT OF THE STATE OF NEVADA

ALFRED GARCIA,
Appellant,
vs.
ASSOCIATED RISK MANAGEMENT,
INC.; AND AIR TRUCK EXPRESS,
Respondents.

No. 75044

**FILED**

MAR 2 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review. Eighth Judicial District Court, Clark County; William D. Kephart, Judge.

In November 2015, while working as a driver for Air Truck Express, Inc., appellant Alfred Garcia suffered an injury when a forklift ran over his foot. Garcia filed a worker's compensation claim with respondent Associated Risk Management, Inc., who accepted the claim. In March 2016, Garcia's physician released him to modified duty with temporary work restrictions. Air Truck Express offered Garcia a temporary job in the warehouse, and Associated Risk Management accordingly notified Garcia that pursuant to NRS 616C.457, he was no longer eligible for temporary total disability benefits.

In June 2016, a second doctor conducted an independent medical examination of Garcia's condition and concluded that Garcia's remaining symptoms were subjective complaints that would continue to improve as Garcia discontinued his pain medications and began walking more. That doctor determined to a reasonable degree of medical probability that Garcia had reached maximum medical improvement at that time,

*19-14025*

although it was possible that the foot would continue to desensitize over the next few months.

In July 2016, Garcia's physician recommended that Garcia undergo a functional capacity evaluation. That evaluation, conducted in August 2016, concluded Garcia could return to work so long as he did not lift or carry more than 30 pounds or more than 20 pounds frequently, did not stand or walk for longer than 30 minutes or for a fourth of his total work shift, and was allowed to change his position as needed. Based on this evaluation, Garcia's physician cleared Garcia to return to work in a light to medium work position and determined the restrictions listed in the evaluation were permanent.

Air Truck Express offered Garcia a light-duty job in their warehouse that would allow him to alternate sitting and standing. In October 2016, Garcia's physician concluded that Garcia had reached maximum medical improvement, had a ratable impairment, and reiterated that Garcia's impairments were permanent. In late November, Air Truck Express fired Garcia for creating a hostile work environment after Garcia allegedly failed to complete requested janitorial tasks and refused the company's requests that Garcia keep his shoe and sock on the injured foot while at work.

Garcia filed for temporary total disability benefits, but Associated Risk Management denied benefits on the basis that the light duty job would still be available had Garcia not been terminated for creating a hostile work environment. Garcia appealed to the hearing officer, who reversed the claim denial, citing NRS 616C.232, the temporary total disability statute. Associated Risk Management then appealed to the appeals officer, who, following an evidentiary hearing, upheld the hearing

SUPREME COURT
OF
NEVADA

(O) 1947A

officer's decision on the basis that pursuant to NRS 616C.232, Associated Risk Management failed to show that Garcia engaged in gross misconduct warranting denial of the claim. The district court granted Associated Risk's petition for judicial review, holding that the appeals officer and hearing officer erred as a matter of law by applying NRS 616C.232. This appeal followed.[1]

The threshold issue before this court on appeal is whether NRS 616C.232 applies, because if that statute applies then Associated Risk Management could not deny Garcia temporary total disability benefits unless Associated Risk Management demonstrated that Garcia was terminated for gross misconduct. We conclude NRS 616C.232 does not apply and the appeals officer erred by upholding the hearing officer's reversal of the claim denial because the record shows that Garcia did not have a temporary disability when he applied for temporary total disability benefits.

Like the district court, we review decisions of the appeals officer for an abuse of discretion, and must ascertain whether the decision was arbitrary or capricious. *O'Keefe v. DMV*, 134 Nev., Adv. Op. 92, 431 P.3d 350, 353 (2018). We will defer to an appeals officer's fact-based conclusions of law and will not disturb those conclusions or the officer's findings of fact if they are supported by substantial evidence. *Id.*; *Vredenburg v. Sedgwick CMS*, 124 Nev. 553, 557, 188 P.3d 1084, 1087-88 (2008). We confine our review of the facts to the record before the appeals officer. *Vredenburg*, 124 Nev. at 557, 188 P.3d at 1087-88. But we review pure questions of law de novo, *id.* at 557, 188 P.3d at 1088, and we "independently review[ ] the

_____

[1]We do not recount the facts except as necessary to this disposition.

application of the statutes governing disability payments," "without deference to the district court's conclusions." *Amazon.com v. Magee*, 121 Nev. 632, 635, 119 P.3d 732, 734 (2005).

NRS 616C.232 is titled "Denial of compensation for temporary total disability because of discharge for misconduct." By its plain language, NRS 616C.232 governs only temporary total disability benefits: the statute's title states that it governs temporary total disability, and subsection (3) of the statute provides that the insurer "may not deny any compensation pursuant to this section except for compensation for temporary total disability pursuant to subsection 1." It follows necessarily that if an injured employee is not eligible for temporary total disability benefits, NRS 616C.232(4)'s gross misconduct standard does not apply.

We must therefore consider whether Garcia qualified for temporary total disability benefits at the time he applied for those benefits. Under NRS 616C.400 and NRS 616C.475, an employee who is injured in a workplace accident and is unable to earn full wages for at least five consecutive days or five cumulative days in a 20-day period may qualify for temporary total disability benefits. *See* NRS 616C.400(1)[2]; NRS 616C.475. Several events can cause temporary total disability to end. Notably, temporary total disability ends pursuant to NRS 616C.475 where a physician or chiropractor determines the injured employee is physically capable of any gainful employment, or when the employer offers a light-duty position that comports with the employee's physical restrictions. NRS 616C.475(5). Temporary total disability also ends when the employee becomes eligible for vocational rehabilitation. NAC 616C.577(2).

---

[2]We note this statute was amended in 2017, but the language cited here did not change.

Importantly here, a period of temporary disability also ends once the injured employee reaches maximum medical improvement. *See* 82 Am. Jur. 2d *Workers' Compensation* § 363 (2019) ("[A]fter the claimant has reached maximum improvement . . . the period of temporary disability ends and any remaining disability is deemed permanent."); 100 C.J.S. *Workers' Compensation* § 654 (2019) ("Compensation for permanent partial disability may be awarded at the expiration of the period of the award for total incapacity and can commence only when compensation for temporary total disability ceases."); 2 *Modern Workers Compensation*, Maximum stability/maximum improvement § 200:28 (2019) ("The point that divides temporary disability from permanent disability . . . is the date of maximum medical improvement").

While Nevada's statutes do not expressly set forth this rule, we conclude our statutes encompass it. Specifically, NRS 616C.110 expressly adopts the American Medical Association's guidelines for establishing permanent disability, and those guidelines classify an impairment as permanent when the impairment reaches maximum medical improvement. *See* Steven Babitsky & James J. Mangraviti, Jr., *Understanding the AMA Guides in Workers' Compensation*, § 5.02(B) (5th Ed. 2018). Thus, we conclude that an injured employee who has reached maximum medical improvement is permanently disabled, and by extension no longer eligible for temporary disability benefits.

The record here demonstrates Garcia was not eligible for temporary total disability benefits when he applied for those benefits in December 2016 because at that time he no longer had a temporary disability. The independent medical examination and Garcia's physician both concluded Garcia had reached maximum medical improvement prior

 

to that time, and Garcia's physician had also concluded Garcia's restrictions were permanent. Thus, NRS 616C.232 did not apply here and the district court correctly granted the petition for judicial review.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____ , J.
Hardesty

_____ , J.
Stiglich

_____ , J.
Silver

cc: Hon. William D. Kephart, District Judge
Carolyn Worrell, Settlement Judge
Shook & Stone, Chtd.
Law Offices of David Benavidez
Richard S. Staub
Eighth District Court Clerk

---

[3]In light of the forgoing, we need not address the additional arguments the parties raise in this case. Moreover, even assuming the district court erred, we will uphold a correct result. *Saavedra-Sandoval v. Wal-Mart Stores, Inc.*, 126 Nev. 592, 599, 245 P.3d 1198, 1202 (2010) ("This court will affirm a district court's order if the district court reached the correct result, even if for the wrong reason.").